IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLENN RODNEY WRIGHT, ) | |
| A/K/A RODNEY G. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1042 |
| ) | |
| GOVERNOR BILL HASLAM, ) | Judge Trauger |
| PILOT/FLYING J, MEMPHIS GOVERNMENT, ) | |
| WAYS & MEANS, NASA, and COGIC CHURCH, ) | |
| ) | |
| Defendants. ) | |

## MEMORNANDUM OPINION

Plaintiff Glenn Rodney Wright has filed a *pro se* complaint in this action (ECF No. 1). The plaintiff proceeds *in forma pauperis*.

I.  Factual Allegations

In his complaint, the plaintiff alleges as follows:

> I am being stalked job-to-job, house-to-house, travel center-to-travel center by U.S. Techno Satellite – Division Wartime Disarment [sic] Laser and reading satellite by the Memphis Government & the Church of God in Christ, (Memphis), and burnt multiple times daily with readouts taken on my ears until my eardrums burst. Some C.I.A. Agent sent a YouTube and e-mail message describing it (www.petermooring.nl). I can't keep jobs & I'm homeless [due] to being governally [sic] stalked.

(ECF No. 1, at 2.)

The plaintiff names as defendants Governor Bill Haslam, Pilot/Flying J Travel Center in Knoxville, Tennessee, the "Memphis TN Government," Ways & Means, N.A.S.A., and the C.O.G.I.C. Church in Memphis, Tennessee. He appears to request only equitable relief:

> a. Want to go to the Supreme Court for a Notification of Action Act amend[ment] to the Eavesdropping Satellite
>
> b. Why a Voc-Rehab Recipient (me). I want the people brought forward; the Memphis Sheriff, Police
>
> c. And the C.O.G.I.C. Members brought forward to be ask why they are stalking me.

(ECF No. 1, at 3.)

**II.     Standard of Review**

Having granted the plaintiff's application to proceed as a pauper, the court must conduct an initial review of the complaint and dismiss it *sua sponte*, prior to service on the defendant, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the court is mindful that *pro se* complaints are to be liberally construed and held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). The court must accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, the leniency afforded to *pro se* plaintiffs is not boundless, and they "are not automatically entitled to take every case to trial." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation omitted). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and, ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002).

The Sixth Circuit has confirmed that, in assessing whether a *pro se* complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and *Bell Atlantic Corp. v.. Twombly*, 550 U.S. 544, 555–57 (2007), must be applied. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams*, 631 F.3d at 383 (quoting *Iqbal*, 556 U.S. at 681) (alteration in original).

**III.    Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts

of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee*, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."). Fed. R. Civ. P. 8(a) requires pleadings to contain, *inter alia*, "a short and plain statement of the grounds for the court's jurisdiction." The plaintiff has provided no such statement in this case, so the court must attempt to discern it from the complaint.

It does not appear that the court has jurisdiction under either 28 U.S.C. § 1331 or 1332, which are the only jurisdictional statutes relevant here. Under § 1331 (governing "federal question" jurisdiction),"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff's complaint references neither the Constitution nor any discernible federal statute. In the section of the form complaint asking the plaintiff to "[s]tate the grounds for filing this case in Federal Court (included federal statutes and/or U.S. Constitutional provisions, if you know them," the plaintiff invokes: "Modern Day Widespread Harassment, by Satellite; Emancipation Proclamation – Sedition Act[, and] Forced Unlawful Surveillance." (ECF No. 1, at 1.) The Emancipation Proclamation, issued by President Lincoln on September 22, 1862, had the effect of emancipating all slaves held in any Confederate state and clearly has no application here. The court is unaware of any federal anti-sedition act that permits a private right of action, and the plaintiff's other references are not to any cognizable federal laws. Thus, the court lacks federal-question jurisdiction over this matter.

The court also lacks diversity jurisdiction, which is exercised pursuant to 28 U.S.C. § 1332 over cases between "citizens of different States." 28 U.S.C. § 1332(a)(1). Under this statute, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citation omitted). The complaint in this case does not allege complete diversity of citizenship, and nothing of record suggests it is present. Indeed, just the opposite appears true. The plaintiff acknowledges that he is a resident of Memphis and therefore a citizen of Tennessee. (ECF No. 1, at 1). Governor Haslam is also a citizen of Tennessee, as is the C.O.G.I.C.

Church and the "Memphis Government." Thus, there is not complete diversity among the parties, and the exercise of jurisdiction under 28 U.S.C. § 1332 would be inappropriate. *See V. & M Star*, 596 F.3d at 355.

There being no other apparent basis for the exercise of this court's subject-matter jurisdiction, this case must be dismissed without prejudice. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge